IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SABRINA BROOMFIELD, on behalf of herself and other persons similarly situated,<br><br>    Plaintiff,<br>v.<br><br>FAST TAX SERVICE, INC.<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>  1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq*.]<br><br>  2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq*.]<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiff Sabrina Broomfield brings this class action complaint and demand for jury trial against Defendant Fast Tax Service, Inc. ("Fast Tax"). Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

    1.    Defendant Fast Tax provides a wide variety of income tax preparation and related services at several locations throughout the state of Louisiana.

    2.    Defendant sends short message service ("SMS" or "text message") calls to consumers' cellular telephones that unambiguously encourage the purchase of Defendant's services.

    3.    Defendant does not obtain prior express written consent from consumers to make such text message calls and therefore violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

    4.    Defendant also deliberately fails to include any instructions and/or automated

mechanism that would empower consumers to stop receiving the text messages.

5. The TCPA was enacted to protect consumers from calls exactly like those alleged in this case. Defendant sends these text messages despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provide Defendant with their prior express written consent to receive such text messages.

6. As a result, Plaintiff, on behalf of herself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff is a natural person and resident of the State of Louisiana.

8. Defendant Fast Tax is a for-profit corporation licensed to do and doing business in Louisiana.

## JURISDICTION AND VENUE

9. This Court has subject jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District. Defendant is also incorporated in this District.

## FACTUAL ALLEGATIONS

11. On or about January 10, 2018, Defendant sent the following verbatim text message to Plaintiff's cellular telephone number, ending in -6217:

> Fast Tax has $2500 loans
> being issued NOW!! Don't wait
> till IRS opens on Jan 29th. Get

        your money now! For details.
        504-942-8000

12. Defendant sent the above text message to Plaintiff from SMS code "313131."

13. Shortly thereafter on the same day, Defendant sent an identical text message to Plaintiff's cellular telephone number, ending in -6217, from SMS code "25827."

14. Plaintiff received other similar text message calls from Defendant.

15. Defendant's text messages were not addressed to Plaintiff by name and were written in a generic, impersonal manner.

16. Prior to sending these text messages, Defendant never informed Plaintiff and Class clearly, conspicuously, and in writing that they would receive recurring automated telemarketing and/or advertising text messages on their cellular phone. Additionally, Defendant never disclosed that consenting to receive such messages was not a condition of purchase for Defendant's products or services.

17. As such, Defendant never received the requisite consent to send the text messages at issue.

18. Additionally, Defendant's text messages do not include any instructions that explain how to opt out of their marketing campaign.

19. All Class Members received the exact same (or substantially similar) text messages from the Defendant.

20. The advertising and/or telemarketing text messages alleged herein were exclusively made by Defendant. Defendant made, or had made on their behalf, the same (or substantially the same) text messages *en masse* to thousands of cellular telephone numbers.

21. Defendant was and is aware that the above-described text message calls were being sent on a widespread basis, and that the text message calls were being sent to consumers who had not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

22. **Class Definition:** Plaintiff Sabrina Broomfield brings this action on behalf of herself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendant, or someone on Defendant's behalf, called as part of Defendant's text message marketing efforts.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

23. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent telemarketing and/or advertising text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

24. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant sent text messages using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

(c) Whether Defendant systematically sent telemarketing text messages to persons who did not previously provide it with prior express written consent to receive such text message calls;

(d) Whether Defendant sent telemarketing text message calls to Class Members where those messages did not include an automated opt-out mechanism or opt-out instructions; and

(e) Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

25. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

26. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

27. **Appropriateness:** This class action is also appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of

conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

28.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
### (Willful and Knowing Violation of 47 U.S.C. § 227, et seq. – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

29.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30.     In an effort to obtain more customers, Defendant made advertising and/or telemarketing text messages to Plaintiff and the Class' cellular telephones without their prior express written consent.

31.     Defendant sent the text message s to Plaintiff and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

32.     Defendant utilized equipment that sent text messages to Plaintiff and other members of the putative Class simultaneously and without human intervention.

33. By sending the telemarketing and/or advertising text messages to Plaintiff and members of the Class' cellular telephones without prior express written consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

34. By failing to provide an automated, interactive opt-out mechanism for the Plaintiff and Class to make a do-not-call request, Defendant also violated 47 U.S.C. § 64.1200(b)(3).

35. As a result of Defendant's unlawful conduct, Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

36. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

37. Alternatively, because Defendant's misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3), award statutory damages recoverable by the Plaintiff and the other members of the putative Class.

38. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Sabrina Broomfield, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action, appointing Plaintiff Sabrina Broomfield as Class Representative and her attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(i) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Jonathan M. Kirkland*
_____
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Jonathan M. Kirkland (#37937)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
Facsimile: (504) 272-2956
*Attorneys for Plaintiff*